466 A.2d 609

**Kenneth MOTLEY, Appellee,**

**v.**

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued May 26, 1983.

Decided Oct. 6, 1983.

336

Bernard W. O'Keefe, George Weis, Pittsburgh, for appellant.

E.J. Strassburger, Pittsburgh, for appellee.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

OPINION

LARSEN, Justice.

On February 19, 1980, appellee, Kenneth Motley, while riding as a passenger in a City of Pittsburgh truck, was injured when the truck was involved in a motor vehicle accident. At the time of the mishap, the appellee was engaged in his duties, within the scope of his employment, as an employee of the City of Pittsburgh. Because of the injuries he suffered in the accident, appellee was unable to continue performing his city employment duties. In addition, at the time of the accident, appellee had part-time employment with Central Maintenance and Central Service, Inc. The injuries also prevented him from performing his part-time job duties.

When he was injured, appellee's combined weekly income was $282.96. He earned $245.76 a week with the city and $37.20 a week in his employment with Central Maintenance. Following the accident, appellee received $163.84 a week in Workmen's Compensation benefits from the City.

On the date of the truck accident, appellee had a no-fault insurance policy on his personal vehicle issued by the appellant, State Farm Mutual Insurance Company. Appellee submitted a claim to State Farm for payment of wage loss benefits to reimburse him for his wage loss over and above the amount he received from Workmen's Compensation. Appellant denied the claim contending that any wage loss benefits due appellee must be paid by his employer's insurance carrier. Appellee filed suit in assumpsit against appellant, State Farm, to recover the wage loss benefits he had applied for and had been denied. Motley's complaint also sought interest [1] and attorney's fees and costs.[2] Subsequently, appellee filed a motion for summary judgment which was granted. The lower court ruled that appellant was liable to appellee for the excess wage loss benefits sought. Appellant was ordered further to pay statutory interest on the benefits due and attorney's fees. On appeal, the Superior Court, 303 Pa.Super. 120, 449 A.2d 607 (1982), affirmed and ordered interest on the payments to be paid at the rate of eighteen (18%) percent, and remanded the case to the lower court for a determination of reasonable counsel fees. We granted appellant's petition for allowance of appeal.

The principal issue raised in this appeal is whether in the payment of work loss benefits to appellee, the appellant no-fault insurance carrier is liable for the difference between Workmen's Compensation benefits received and appellee's actual wages, or, the difference between Workmen's Compensation benefits and the maximum work loss benefits provided by the No-fault Act.

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 106; 40 P.S. § 1009.106.

2. Act of July 19, 1974, P.L. 489, No. 176, Art. I, § 107, 40 P.S. § 1009.107.

Section 1009.202(b) of the No-fault Act [3] limits work loss benefits as follows:

(1) up to a monthly maximum of:

(A) one thousand dollars ($1,000) multiplied by a fraction whose numerator is the average per capita income in this Commonwealth and whose denominator is the average per capita income in the United States, according to the latest available United States Department of Commerce figures; or

(B) the disclosed amount, in the case of a named insured who, prior to the accident resulting in injury, voluntarily discloses his actual monthly earnings to his obligor and agrees in writing with such obligor that such sum shall measure work loss; and

(2) up to a total amount of fifteen thousand dollars ($15,-000).

Under Section 1009.206(a) of the No-fault Act,[4] Workmen's Compensations benefits are to be subtracted from gross work loss in calculating net loss.

The appellant argues that any liability it has to appellee for excess work loss benefits is limited to the difference between the weekly Workmen's Compensation benefit of $163.84 which appellee receives, and the maximum weekly no-fault work loss benefit of $232.00 ($1,000 a month divided by 4.3 weeks). Appellant insists that appellee's actual weekly wage, which in this case amounts to $282.95, is of no importance in calculating excess work loss benefits. We disagree.

3. Act of July 19, 1974 P.L. 489, No. 176, 40 P.S. § 1009.101, et seq.

4. Section 1009.206(a) provides:

Except as provided in Section 108(a)(3) of this Act, all benefits or advantages ... that an individual receives or is entitled to receive from Social Security ... Workmen's Compensation, any state-required temporary, nonoccupational disability insurance, and all other benefits (except the proceeds of life insurance) received by or available to an individual because of the injury from any government, unless the law authorizing or providing for such benefits or advantages makes them excess of secondary to the benefits in accordance with this Act, shall be subtracted from loss in calculating net loss.

■ Assuming that an injured claimant sustains a gross work loss of $2,000 a month. Assuming further that the injured claimant receives Workmen's Compensation benefits of $1,100 a month. Under the position advanced by appellant, the injured claimant would not be entitled to no-fault work loss benefits even though he has a loss of $900 a month over and above the Workmen's Compensation benefits he receives. This construction is contrary to the intent of the No-fault Act.[5] We presume that the legislature intended to favor the public interest over any private interest.[6] This tenet requires that, in close or doubtful insurance cases, we find coverage for the insured. Additionally, if we should err in determining the meaning of an insurance policy provision or the legislative intent of statute, our error should be in favor of coverage for the insured. *Allstate v. Heffner*, 491 Pa. 447, 421 A.2d 629 (1980).

■ We hold that where an injured claimant is receiving Workmen's Compensation benefits, excess no-fault work loss benefits are to be computed by deducting the Workmen's Compensation benefits from the insured's actual wage, the difference being the benefits to which he is entitled.[7] Section 1009.202(b) of the No-fault Act limits the amount of the

**5.** The stated purpose of the No-fault Act includes:
"[T]he maximum feasible restoration of all individuals injured . . . in motor vehicle accidents on Commonwealth highways . . ."
Act of July 19, 1974, P.L. 489, No. 176, § 102; 40 P.S. § 1009.102.

**6.** Act of Dec. 6, 1972, P.L. 1339, No. 290 § 3, 1 Pa.C.S.A. § 1922.

**7.** Under Section 206(b) of the No-fault Act, the wage loss payment to the insured shall be adjusted so as to take into consideration the tax advantages which accrue to the claimant.
"If a benefit or advantage received to compensate for loss of income because of injury, whether from no-fault benefits or from any source of benefits or advantages subtracted under subsection (a) of this section, is not taxable income, the income tax saving that is attributable to such loss of income because of injury is subtracted in calculating net loss for work loss. Subtraction may not exceed twenty percent (20%) of the loss of income and shall be in such lesser amount as the insurer reasonably determines is appropriate based on a lower value of the income tax advantage."
Act of July 19, 1974, P.L. 489, No. 176, Art. II, § 206; 40 P.S. 1009.206.

work loss benefits which the insurance company will be required to pay. It does not establish a cap on the total sum of lost wage benefits an insured may collect from all sources.

■ In the Superior Court, the appellant argued that a claimant who is injured during the course of his employment, while occupying his employer's vehicle, must look to his employer's carrier and not his own no-fault carrier to recover excess work loss benefits. As appellant now recognizes in its brief, this issue is controlled by our decision in *Wagner v. National Indemnity Company,* 492 Pa. 154, 422 A.2d 1061 (1980). In *Wagner,* we held that an employee injured in the scope of his employment while occupying his employer's vehicle may recover only Workmen's Compensation benefits from the employer. Excess work loss benefits are to be paid by the injured employee's no-fault insurance carrier.

■ Finally, appellant argues that no attorney's fee should be awarded to appellee for any part of the case. The trial court found justification for awarding appellee attorney's fees, and the Superior Court affirmed. Until argument in this Court, the appellant consistently urged, in the face of the *Wagner* decision, that it was not liable to appellee for excess work loss benefits, that appellee must seek payment of such benefits from his employer's carrier. As the lower court found, the appellee did not file suit against appellant until the *Wagner* decision, fixing appellant's liability, was almost two months old. We find no error in the award of attorney's fees in this case.

The Order of the Superior Court is affirmed.

NIX, J., did not participate in the consideration or decision of this case.

ROBERTS, C.J., filed an Opinion in Support of Reversal of the Award of Attorney Fees in which McDERMOTT and HUTCHINSON, JJ., joined.

## OPINION IN SUPPORT OF REVERSAL OF THE AWARD OF ATTORNEY FEES

ROBERTS, Chief Justice.

I would reverse the award of attorney fees against appellant State Farm Mutual Automobile Insurance Company, for it cannot fairly be said that appellant denied the present claim "without reasonable foundation." Pennsylvania No-Fault Insurance Act, Act of July 19, 1974, P.L. 489, § 107(3), 40 P.S. § 1009.107(3) (Supp.1983). Prior to today's decision, the Superior Court had resolved the issue of the proper means of computing work-loss benefits in a manner consistent with the position taken by appellant in this case. See *Ceccotti v. Nationwide Insurance Co.,* —— Pa.Super. ——, 455 A.2d 199 (1983). Additionally, although the Opinion of Mr. Justice Larsen characterizes the issue of whether appellant is at all liable to appellee as being "controlled by our decision" in *Wagner v. National Indemnity Co.,* 492 Pa. 154, 422 A.2d 1061 (1980), in fact, no opinion filed in that case represented the view of a majority of this Court: The lead opinion of Justice O'Brien was joined only by this writer and by Mr. Justice Nix; then Chief Justice Eagen concurred in the result reached by the lead opinion but not its reasoning, and Mr. Justice Larsen, Mr. Justice Flaherty, and Justice Kauffman filed dissenting opinions. Because appellant was justified in denying a claim for no-fault benefits when that claim was predicated on a plurality opinion of this Court whose only effect was to adjudicate the rights of the parties to that case, the award of attorney fees was without foundation and should be reversed.*

* Despite the fact that the lead opinion in *Wagner* was not precedential and was filed while Chief Justice Eagen was still a member of this Court, both the Pennsylvania State Reports and the Atlantic Reporter (Second Series) characterize the lead opinion in *Wagner* as an "Opinion of the Court," written by "Chief Justice O'Brien." Obviously a reader must always be alert to make an independent assessment of the accuracy of the reporter's account of the opinion.

I join in the mandate and the opinion of Mr. Justice Larsen in all other respects.

McDERMOTT and HUTCHINSON, JJ., join in this opinion.