466 A.2d 618

Amiel CECCOTTI, Appellant,

v.

NATIONWIDE INSURANCE COMPANY, Appellee.

Supreme Court of Pennsylvania.

Argued May 26, 1983.

Decided Oct. 21, 1983.

Allen H. Smith, Marc Roberts, York, Bernard W. O'Keefe, George Weis, Pittsburgh, for appellant.

Patricia A. Butler, Robert Stewart, York, E.J. Strassburger, Pittsburgh, for appellee.

Before ROBERTS, C.J., and LARSEN, FLAHERTY, McDERMOTT, HUTCHINSON and ZAPPALA, JJ.

## OPINION

LARSEN, Justice.

Appellant, Amiel Ceccotti, was injured in a motor vehicle accident while operating a tractor-trailer in the course of his employment. As a result of the accident and bodily injuries he suffered, appellant was unable to work for a period of ten weeks. At the time of the accident, appellant was earning $577.00 a week. During his ten-week period of disability, he received workmen's compensation payments in the sum of $227.00 a week. Appellant applied for work loss benefits to his personal no-fault insurance carrier, appellee Nationwide Insurance Company. His application was denied. Appellant then filed suit in assumpsit against appellee seeking recovery of the no-fault benefits for which he applied. The lower court held that appellant was entitled to work loss benefits in the amount of the difference between the workmen's compensation benefits he received ($227.00 a week) and the maximum no-fault benefit ($232.00 a week) provided for by the No-Fault Motor Vehicle Insurance Act.[1] Summary judgment in the amount of $50.00 was granted in favor of appellant and against the appellee.[2] In a memorandum opinion, the Superior Court affirmed the lower court's or-

1. Act of July 19, 1974, P.L. 489, No. 176, 40 P.S. § 1009.202(b).

2. Five dollars a week for the ten-week period of disability calculated as follows: maximum no-fault work loss benefit of $232.00 a week ($1,000.00 a month × 4.3 weeks) minus the weekly Workmen's Compensation benefit of $227.00 a week.

der.[3]   We granted appellant's petition for allowance of appeal.

Based upon and for the reasons set forth in our opinion and decision in *Motley v. State Farm Mutual Automobile Insurance Company,* 502 Pa. 335, 466 A.2d 609 (1983), the order of the Superior Court is reversed and the case is remanded to the trial court for proceedings consistent with this result.

NIX, J., did not participate in the consideration or decision of this case.

---

**3.** —— Pa.Super. ——, 455 A.2d 199 (1983).