**Gammelin v. Ostreicher**

*Anthony J. Lucadamo,* for plaintiffs.

*Mark H. Scoblionko, William E. Ford,* for defendant.

*Howard A. Berman,* for additional defendant.

DALESSANDRO, *J.;* February 28, 1985—

## NATURE OF PROCEEDINGS

This matter is before the court on the motion for partial summary judgment of defendants Robert F. Ostreicher and North American Van Lines, Inc.

## HISTORY AND FACTS

On June 13, 1981, in the eastbound lanes of Interstate Route 80, near its intersection with Interstate Route 81 in Luzerne County, a vehicle occupied by plaintiffs Elizabeth J. Gammelin and Robert Gammelin was involved in a collision with a vehicle whose legal title was vested in defendant North American Van Lines, Inc. (North American) and whose equitable title was vested in defendant Robert F. Ostreicher; Ostreicher was also the operator of North American's 1978 International Transtar tractor and trailer. At the time of the collision, both plaintiffs were domiciled in the state of Arizona; Arizona did not have a no-fault statute and allows common law recovery of damages from a tortfeasor. Plaintiffs timely commenced this suit by a complaint filed on June 15, 1982, seeking damages for their individual personal injuries and for the loss of personal property belonging to Elizabeth Gammelin. Jointly, Ostreicher and North American filed an answer, a counterclaim, and a cross-claim by which Elizabeth Gammelin was joined as an additional defendant. During the pendency of this action Elizabeth Gammelin died; by stipulation of the parties, her personal representative is substituted as a party plaintiff.

Medical bills of both plaintiffs and some payment for lost wages of Robert Gammelin were paid by plaintiffs' own automobile insurance carrier, the Continental Insurance Company. Defendants submit their motion for partial summary judgment, filed July 19, 1984, on the assertion that plaintiffs' receipt of the payments noted above precludes them from introducing evidence of medical bills or from recovering for medical bills at trial, pursuant to provisions of the Pennsylvania No-fault Motor Vehicle Insurance Act. Briefs were submitted by plaintiffs and defendants, and oral argument on this issue was heard by this court on October 12, 1984.

## DISCUSSION AND LAW

Summary judgment may be granted if, on the basis of the pleadings, affidavits, depositions, and answers to interrogatories, there exist no genuine issues as to any material fact and the moving party is entitled to judgment as a matter of law, Pa.R.C.P. 1035, 42 Pa.C.S. In determining whether summary judgment shall be entered, a court must heed the following principles:

"The moving party bears the burden of demonstrating that no genuine issue of material fact exists and that he is entitled to judgment as a matter of law. In determining whether the moving party has met this burden, the court must examine the record in the light most favorable to the non-moving party, giving that party the benefit of all reasonable inferences." (Citiations omitted.) Bertani v. Beck, 330 Pa. Super. 248, 251-252, 479 A.2d 534, 535-536 (1984). "Although partial summary judgment is apparently not often used in Pennsylvania practice, under case law in this state an order made in partial summary judgment is clearly authorized as to those

parts of the case about which there is no factual dispute, and the case can continue thereafter in light of the order expeditiously and with more simplicity." (Citations omitted.) Macke Serval Vending Co. v. Nies, 96 Dauph. 6, 8 (1973).

The Pennsylvania No-fault Motor Vehicle Act, 40 P.S. §1009.101 et seq., requires the following security covering a motor vehicle:

"Every owner of a motor vehicle which is registered *or which is operated in this Commonwealth by the owner or with his permission,* shall continuously provide security covering such motor vehicle while such vehicle is either *present* or registered *in the Commonwealth.* Security shall be provided for the payment of basic loss benefits, and for the payment of sums up to a total limit of $30,000 which the owner or any person operating the vehicle with the express or implied permission of the owner may become liable to pay as damages because of bodily injury or death arising out of any one accident (subject to a sublimit of $15,000 for damages arising out of the bodily injury or death of any one person) and for the payment of damages for injury to or destruction of property in any one accident of amounts up to a total limit of $5,000 . . ." (Emphasis supplied.) 40 P.S. §1009.104(a). As there is no ambiguity in section 104, we must interpret it according to the clear meaning of the words used therein. See Tierney v. Pa. Assigned Claims Plan, 319 Pa. Super. 299, 466 A.2d 168 (1983).

Plaintiffs' own automobile insurance policy issued by the Continental Insurance Company (Continental) provides the following additional coverage:

"Out-of-State Motor Vehicle Insurance Requirements:

"If under the provisions of the motor vehicle financial responsibility law, compulsory insurance

law, 'no fault' law or any similar law of any governmental jurisdiction within the territorial limits of this policy (but not a workman's compensation or disability benefits law), a non-resident is required to maintain certain insurance and such insurance requirements are greater than the insurance provided by this policy, the limits of the company's liability and the kinds of coverage afforded by this policy shall be as set forth in such law in lieu of the insurance otherwise provided by this policy, but only to the extent required by such law, and only with respect to the operation or use of a motor vehicle in such jurisdiction; provided, that the insurance under this provision shall be reduced to the extent that there is other valid and collectible insurance under this or any other motor vehicle liability insurance policy. In no event shall any person be entitled to receive duplicate payments for the same elements of loss." Levine Deposition, Exhibit A at Section II, D-6. Elizabeth Gammelin submitted an application for benefits to Underwriters Adjusting Company (Underwriters) in July, 1981 (Levine Deposition, Exhibit C); according to Sylvia Levine, a litigation senior adjuster for Underwriters, Elizabeth Gammelin received payments from Underwriters on behalf of Continental which totalled $116,948.83, for all reasonable medical expenses resulting from the accident. Robert Gammelin also submitted an application for benefits to Underwriters in July, 1981, and received approximately $1,682.65 from Underwriters for his medical bills. Some minimal bills totalling a few hundred dollars were rejected and not paid by Underwriters or Continental. All of the payments were made pursuant to the provisions of the Pennsylvania No-fault Act.

Although section 104(a) of the Pennsylvania No-fault Act appears to transform the present non-resi-

dent plaintiffs into Commonwealth residents as regards required security, we find that in section 110, non-residents are accorded treatment quite distinct from that received by residents; in pertinent part, our No-fault Act provides:

"(1) The basic loss benefits available to any victim or to any survivor of a deceased victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance in effect in the state of domicile of the victim on the date when the motor vehicle accident resulting in injury occurs. If there is no such state no-fault plan in effect or if the victim is not domiciled in any state, then basic loss benefits available to any victim shall be determined pursuant to the provisions of the state no-fault plan for motor vehicle insurance, if any, in effect in the state in which the accident resulting in injury occurs.

(2) The right of a victim or of a survivor of a deceased victim to sue in tort shall be determined by the law of the state of domicile of such victim. If a victim is not domiciled in a state, such right to sue shall be determined by the law of the state in which the accident resulting in injury or damage to property occurs." 40 P.S. §1009.110(c). Defendants argue that the payments to plaintiffs by Underwriters on behalf of Continental amount to an election by plaintiffs which satisfies the basic loss benefits due them according to section 110(c); thus having made such an "election" of remedies and being fully compensated, plaintiffs should be precluded from introducing evidence of or recovering for these satisfied medical bills.

The sole Pennsylvania appellate case on this aspect of section 110 is Toter v. Knight, 278 Pa. Super. 547, 420 A.2d 676 (1980). The central issue in Toter concerns a plaintiff's basic right to sue in tort.

Pertinent to the case presently before us, the general rule expressed in section 110(c)(1), according to Toter, is:

"If the non-resident is domiciled in a state that does not have in effect a state no-fault plan, or if the non-resident is not domiciled in any state, then he is entitled to the basic loss benefits provided under Pennsylvania's No-fault Act." Toter at 557, 420 A.2d at 679-680. In reviewing the statutory scheme of section 110, the Superior Court observed:

"Admittedly, the possibility exists that a non-resident who is domiciled in a state that has not passed a no-fault act may receive liberal treatment under section 110(c)(1), (2). Under section 110(c)(1), such a non-resident may *participate in the benefits available under the Pennsylvania act regardless of his fault in causing the accident, while still retaining under section 110(c)(2), his right to sue in tort under the laws of his home state.* Nevertheless, the Legislature might have concluded that public policy requires that a non-resident injured in a motor vehicle accident in this state always be guaranteed basic loss benefits under a no-fault plan." (Emphasis supplied.) Toter at 557, 420 A.2d at 681. This language indicates that a victim injured in Pennsylvania who is domiciled in a state without a no-fault law may receive benefits available under Pennsylvania law *and* may sue in tort for his damages, should the laws of his home state so permit.

This court must attempt to reconcile sections 104 and 110. In doing so, we are faced with the seemingly disparate treatment of the non-resident injured in a motor vehicle accident within the confines of this Commonwealth. It is difficult to understand why our legislature treats non-residents like residents by requiring them to carry minimum amounts of insurance, while on the other hand it

permits non-residents of states without no-fault laws to recover basic loss benefits *plus* the right to pursue a virtually unlimited remedy outside the No-fault Act.

Defendants rely on Mineo v. Tancini, 114 Montg. Co. L.J. 16 (1984), wherein our sister court in Montgomery County recognizes Toter to the extent that a non-resident injured in a motor vehicle accident in Pennsylvania shall always be guaranteed basic loss benefits under a no-fault plan. However, the Mineo court "[did] not believe that public policy demands the windfall that this plaintiff would receive if allowed double recovery of her medical expenses." Mineo at 20.

Upon reconsideration of Toter, supra, we are reluctant to substitute the Mineo court's deference to public policy against windfalls in place of the Pennsylvania Superior Court's construction of section 110(c)(2). The Toter court was aware of the possible windfall to a non-resident who was domiciled in a state without a no-fault act, and still recognized the possibility of a nonresident's recovery through an authorized tort action, in addition to his receipt of basic loss benefits. See Toter at 557, 420 A.2d at 681.

At this point, we note that should plaintiffs successfully exercise their right to sue and are able to collect the amount of judgment, they ultimately may *not* be the recipients of a double recovery. As noted above, plaintiffs' Continental policy states that "[i]n no event shall any person be entitled to receive duplicate payments for the same elements of loss."

In addition, the policy reserves a right of subrogation on behalf of Continental which is applicable to payments made under section II of the policy; according to the General Provisions:

"In the event of any payment under this policy, the company shall be subrogated to all the insured's rights of recovery therefor against any person or organization and the *insured* shall execute and deliver instruments and papers and do whatever else is necessary to secure such rights. The *insured* shall do nothing after loss to prejudice such rights. . ." (Emphasis in original.) In effect, although plaintiffs may appear to receive a windfall, on the basis of the full payment from their own automobile insurance carrier *and* the possibility of a similar recovery from defendants in this case, any damages collected from defendants in our court may ultimately benefit Continental, should it so seek such reimbursement from plaintiffs.

The purpose of the Pennsylvania No-fault Act was to establish "a Statewide system of prompt and adequate basic loss benefits for motor vehicle accident victims and the survivors of deceased victims." 40 P.S. §1009.102(b). In construing a provision of the act, the Pennsylvania Supreme Court held that:

"We presume that the legislature intended to favor the public interest over any private interest. This tenet requires that, in close or doubtful insurance cases, we find coverage for the insured. *Additionally, if we should err in determining the meaning of an insurance policy provision or the legislative intent of statute, our error should be in favor of coverage for the insured.*" (Emphasis added; citations omitted.) Motley v. State Farm Mut. Ins. Co., 502 Pa. 335, 340, 466 A.2d 609, 611 (1983). Accordingly, we are unable to conclude that our General Assembly intended section 110 to limit non-residents, such as present plaintiffs, to one avenue of recovery. Accordingly, defendants' motion for partial summary judgment is denied.

An appropriate order will be entered.

## ORDER

Now, this February 28, 1985, it is hereby ordered that the motion for partial summary judgment, filed by defendants Robert F. Ostreicher and North American Van Lines, Inc., is denied.