**Riley v. Harleysville Mutual Insurance Company**

*Douglas V. Stoehr*, for plaintiff
*Daniel J. Twilla*, for defendant

DOYLE, *J.*, August 5, 2013—This matter comes before the court for consideration of motions for summary judgment filed by both parties. Oral argument on both motions was heard on July 17, 2013. These motions are

ready for disposition.

## PROCEDURAL BACKGROUND

This matter is an action for declaratory judgment. The complaint was filed on January 4, 2013. The answer and new matter was filed on February 4, 2013. Plaintiff replied to the new matter on February 14, 2013. The parties both filed motions for summary judgment on May 30, 2013 with briefs in support. Defendant filed a response to plaintiff's motion for summary judgment on June 27, 2013 with a brief in opposition. Plaintiff filed a response to defendant's motion for summary judgment on July 1, 2013 with a brief in opposition.

## FACTUAL BACKGROUND

The facts are as follows: Plaintiff was injured in a motor vehicle accident on September 18, 2011. At the time of the crash she was occupying a business vehicle owned by a plumbing company, Charles D. Riley, Inc., and a co-purchaser, James M. Riley, plaintiff's husband. Plaintiff settled with the tortfeasor's insurance company. She also settled an underinsured motorists claim with the insurance company that insured the vehicle.[1] Plaintiff was not fully compensated for her injuries after these settlements and made an excess underinsured motorists claim on her personal automobile policy with the defendant. The defendant denied coverage based on the "household exclusion".

The household exclusion in the Harleysville policy

---

[1]. Neither Theresa Riley nor James Riley is a named insured on the policy that insured the vehicle.

reads as follows:

"A. We do not provide Underinsured Motorists Coverage for 'bodily injury' sustained:

1. By you while 'occupying', or when struck by, any motor vehicle you own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

2. By a 'family member':

a. Who owns an auto, while 'occupying', or when struck by, any motor vehicle owned by you or any 'family member' which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

b. Who does not own any auto, while 'occupying', or when struck by, any motor vehicle you own which is insured for this coverage on a primary basis under any other policy."

The policy contains the following definition:

"A. Throughout this policy, 'you' and 'your' refer to:

1. The 'named insured' shown in the Declarations; and

2. The spouse if a resident of the same household."

## SUMMARY OF PLAINTIFF'S ARGUMENTS

Plaintiff argues that defendant should provide her coverage because she was not occupying a vehicle she owned at the time of the accident. She argues that the

word "you" cannot encompass both her and her husband, James, without being ambiguous and/or absurd in application. Plaintiff further argues that if the word "you" is ambiguous or absurd in application, it must be construed against the defendant as the drafter of the policy and that the every day meaning of language should not be tortured in interpreting the policy.

## SUMMARY OF DEFENDANT'S ARGUMENTS

Defendant argues that both plaintiff and her husband are named insureds and they are therefore both "you" under the terms of the policy. James is also the resident spouse of plaintiff and therefore is Included within the definition of "you". Defendant argues that because the insurance company will not insure against unknown risks it would not have written a policy that would provide coverage for an insured injured in a vehicle she regularly used that was not insured under the policy. Defendant states that the word "you" is used in the plural and means the same thing every time it is used and therefore includes both plaintiff and James each time.

## STANDARD OF REVIEW

Motions for summary judgment are governed by Pa. R.C.P. 1035.2 which provides that after the relevant pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for summary judgment in whole or in part as a matter of law (1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or

expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. Pa. R.C.P. 1035.2

In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. *Jones v. SEPTA*, 565 Pa. 211, 772 A.2d 435, 438 (Pa. 2001). The court may grant summary judgment only where the right to such a judgment is clear and free from doubt. *Marks v. Tasman*, 527 Pa. 132, 589 A.2d 205, 206 (Pa. 1991).

## DISCUSSION

The task of interpreting an insurance contract is generally performed by a court rather than by a jury. *Gene & Harvey Builders v. Pennsylvania Mfrs. Ass'n*, 512 Pa. 420, 426, 517 A.2d 910, 913 (Pa. 1986) (citations omitted). When analyzing a policy, words of common usage are to be construed in their natural, plain, and ordinary sense. *Mitsock v. Erie Insurance Exchange*, 909 A.2d 828, 831 (Pa.Super. 2006) (quotations and citations omitted). When the language of the insurance contract is clear and unambiguous, a court is required to give effect to that language. Although a court must not resort to a strained contrivance or distort the meaning of the language in order to find an ambiguity, it must find that contractual terms are

ambiguous if they are subject to more than one reasonable interpretation when applied to a particular set of facts. Where a provision of a policy is ambiguous, the policy provision is to be construed in favor of the insured and against the insurer. *Id.* Contractual language is ambiguous if it is reasonably susceptible of different constructions and capable of being understood in more than one sense. *Hutchison v. Sunbeam Coal Co.*, 513 Pa. 192, 201, 519 A.2d 385, 390 (Pa. 1986)

The issue in this case is whether the terms of the household exclusion contained in the policy are susceptible to more than one reasonable interpretation when applied to the facts of this case. In other words, the court must decide whether the household exclusion is ambiguous.

We conducted a thorough review of prior cases interpreting the household exclusion. We found two cases in which the household exclusion language was identical to that found in this policy.

In the case of *Old Guard Ins. Co. v. Houck*, 2002 PA Super. 161, 801 A.2d 559 (Pa. Super. 2002) the husband and wife insureds were injured while riding on a motorcycle they owned. The tortfeasor's insurance carrier tendered its policy limits. The insureds filed UIM claims on both the policy on the motorcycle which was insured by Guide One and the policy on their personal automobile policy with Old Guard. Old Guard denied coverage on the basis that there was no UIM coverage available because of the exclusion which precluded recovery by a named insured or his/her spouse living in the same household from an accident in a motor vehicle not insured under the

Old Guard policy. 801 A.2d at 560.

The court framed the issues before it as whether the household exclusion applied in this situation and whether the household exclusion violated public policy. *Id.* Although the issue of ambiguity was not in front of the court in Houck it concluded, "We hold that a person who carries inadequate UIM coverage with one insurer is not entitled to recover UIM benefits from a second insurer where a clear and unambiguous household exclusion in the second insurer's policy precludes recovery of UIM benefits for damages suffered while occupying a vehicle owned by the insured and not insured for UIM coverage under the policy with the second insurer. *Id.* at 568.

The opinion in *Houck* does not reveal whether the policy in that case contained a definition of the word "you", however, as applied to the facts of that case it was not ambiguous. In that case, as opposed to this one, both the husband and wife were injured and both filed claims. Also, the court refers to the motorcycle as "their" motorcycle, suggesting that they were both owners of it. *Id.* at 560. Additionally, the other policy under which the insureds made UIM claims was also in both insureds' names because it was for their personal automobiles. Based on factual differences, *Houck* is distinguished from the instant case.

In the second case with the same policy language, Mr. Massey, a partner in a company called Pro Machine, was injured while operating a motorcycle. *Cont'l Cas. Co. v. Pro Mach.* 2007 PA Super. 18, 916 A.2d 1111 (Pa. Super. 2007) Massey owned both the motorcycle and an

automobile. He used both vehicles to make customer calls on behalf of Pro Machine. 916 A.2d at 1113. Pro Machine had a commercial insurance package that included automobile insurance. When Massey was injured while operating the motorcycle he recovered the policy limits from the tortfeasor and the UIM policy limits from his own insurance company. He then filed a claim with Pro Machine's policy. The insurer denied coverage and claimed that Massey was not a named insured and the motorcycle was not a covered motor vehicle pursuant to the household exclusion. *Id.* at 1114.

The household exclusion in the policy had the same language as in this case. *Id.* at 1117. Further, the policy indicated that, "[t]hroughout this policy the words 'you' and 'your' refer to the Named Insured shown in the Declarations." *Id.* The court considered whether Massey qualified as "you". The analysis centered on whether Massey was a Named Insured or not because the policy had been issued to a Pro Machine as a partnership. *Id.* at 1121-22. The court determined that Massey was a Named Insured in part because the UIM endorsement referred to family members of insureds and the court reasoned that the policy had been issued to a partnership which could not have family members and therefore the coverage must have been extended to the individual partners as insureds. *Id.* at 1122. The court went on to conclude that coverage was only available to Massey if he was operating his motorcycle in his capacity as a partner of Pro Machine at the time of the accident. That fact was not in the record so the case was remanded. There was no discussion of whether the term "you" was ambiguous or not.

The *Massey* case was also factually distinct from the instant case. *Massey* involved a business policy issued to a partnership. Mr. Massey owned the vehicle he occupied at the time of the accident. Unlike in this case, there was no other person involved to whom the word "you" could apply.

Conversely, in this case there are multiple ways the word "you" could be meant. "you" could mean Theresa Riley. It could also mean James Riley. It could also mean both Theresa and James Riley because both of them are Named Insureds on the policy and they are also both resident spouses of each other. We come back to the question of whether the terms of the household exclusion contained in the policy are susceptible to more than one reasonable interpretation when applied to the facts of this case.

Defendant argues that the definition of the word "you" from the policy must be applied. The word "you" is defined in the policy to mean "the 'named insured' shown in the Declarations *and* the spouse if a resident of the same household."[2] (emphasis supplied). This is using "and" in the inclusive sense.

When the definition of "you" from the policy is directly substituted in the language of the household exclusion, it reads:

"We do not provide Underinsured Motorists Coverage

---

2. Although plaintiff argues that the definition of "you" from the policy does not apply to the endorsement, we note that the endorsement contains language indicating that the terms of the policy apply unless they are modified by the endorsement.

for 'bodily injury' sustained:

> 1. By [the named insured shown in the Declarations and the spouse if a resident of the same household] while 'occupying', or when struck by, any motor vehicle [the named insured shown in the Declarations and the spouse if a resident of the same household] own which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle.

> 2. By a 'family member':

> a. Who owns an auto, while 'occupying', or when struck by, any motor vehicle owned by [the named insured shown in the Declarations and the spouse if a resident of the same household] or any 'family member' which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle..."

In this interpretation, coverage would result because the exclusion would require both Theresa and James to have sustained bodily injury and be occupying or struck by the same vehicle which they both also owned before section 1 would apply and both Theresa and James to own the occupied vehicle before section 2 (a) would apply. In this case only Theresa is making a claim and only James owns the vehicle.

If the "and" in the definition of "you" is not taken to be inclusive, the use of the word "you" is ambiguous because Theresa and James are both named insureds on the policy. The court cannot determine for certain from a plain reading of the policy whether "you" refers to one named insured instead of both, whether it refers to the

same named insured every time it is used, or whether it refers to one named insured in one instance and the other one in the other instance.

In construing insurance contracts, the instrument must be strictly construed against the writer. *Miller v. Boston Ins. Co.*, 420 Pa. 566, 570, 218 A.2d 275, 277 (Pa. 1966) (citations omitted). In close or doubtful insurance cases, our error should be in favor of coverage for the insured. *Motley v. State Farm Mut. Auto Ins. Co.* 502 Pa. 335, 340, 466 A.2d 609, 611 (Pa. 1983).

This insurance policy was drafted by the defendant. Any ambiguity should be construed against the defendant and in favor of coverage. The most reasonable interpretation of this provision in the court's mind is that "you" means *the person bringing the claim alone* both times it is used in section (A) (1) of the exclusion and plaintiff is therefore entitled to coverage under that section.

Defendant argues that if section (A)(1) does not exclude coverage section (A)(2) does because plaintiff is James Riley's family member, she occupied a vehicle that was not covered by Harleysville, and James Riley owned the vehicle she occupied. Plaintiff counters that this was not the section under which Harleysville denied coverage and argues that the vehicle was co-owned by the plumbing company. Plaintiff further argues that the family member exclusion is also ambiguous when applied to this case.

When we apply both the definition of "you" from the policy and the definition of "family member" from the policy, section (A)(2) reads:

2. By a [person related to [the named insured shown in the Declarations and the spouse if a resident of the same household] by blood, marriage or adoption who is a resident of your household]:

a. Who owns an auto, while 'occupying', or when struck by, any motor vehicle owned by [the named insured shown in the Declarations and the spouse if a resident of the same household] or any [person related to [the named insured shown in the Declarations and the spouse if a resident of the same household] by blood, marriage or adoption who is a resident of your household] which is not insured for this coverage under this policy. This includes a trailer of any type used with that vehicle..."

In this interpretation coverage would result again because Theresa, the injured person, is not a person related to both her and to James by blood, marriage, or adoption. If we do not give the word "and" in the definition of "you" inclusive effect, Theresa could be a person related just to James by marriage, however, James would have to be the person making the claim on the policy. This interpretation would not be reasonable given that Theresa is also a named insured on the policy and was the person who suffered bodily injury in this case. Therefore, as above, we strictly construe the ambiguous term "you" against the drafter and find that section (A) (2) cannot apply to Theresa Riley because she, the claimant, is "you" and she is not a "family member".

For these reasons we enter the following:

## ORDER OF COURT

And now, this 5th day of August 2013 this matter having come before the court for consideration of the parties' motions for summary judgment, it is hereby ordered, directed, and decreed that the plaintiff's motion is granted and the defendant's motion is denied.